IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02382-WYD-BNB

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

ASPEN PETROLEUM PRODUCTS, INC., and
TERRANCE TSCHATSCHULA,

*Defendants.*

---

CONSENT DECREE

---

WHEREAS, Plaintiff, the United States of America ("United States"), on behalf of

the Administrator of the United States Environmental Protection Agency ("EPA"), has

filed a Complaint in this action against defendants Aspen Petroleum Products, Inc.

("Aspen") and Terrance Tschatschula ("Mr. Tchatschula") alleging that they produced

gasoline for sale in Colorado by blending drip gas and ethanol with previously certified

gasoline without complying with multiple provisions of Sections 211(c), (h), and (k) of

the Clean Air Act, as amended, 42 U.S.C. §§ 7545(c), (h), and (k), and regulations

promulgated thereunder at 40 C.F.R. Part 80;

WHEREAS, Aspen is no longer in the business of refining gasoline and both

Aspen and Mr. Tschatschula have limited abilities to pay a civil penalty;

WHEREAS, Defendants do not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint;

WHEREAS, the United States and Defendants (together, the "Parties") agree, and the Court finds, that settlement of this action without further litigation is in the public interest, and that this Consent Decree is fair, reasonable, and an appropriate means of resolving this matter; and

WHEREAS, the Parties, without the necessity of trial regarding any issue of fact or law, and without any admission of liability by Defendants, consent to entry of this Consent Decree;

NOW, THEREFORE, WITH THE CONSENT OF THE PARTIES, IT IS HEREBY ADJUDGED, ORDERED AND DECREED AS FOLLOWS:

I. JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 205 and 211 of the Clean Air Act (the "Act"), 42 U.S.C. §§ 7524 and 7545, and over the Parties. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a) and Section 205(b) of the Act, 42 U.S.C. § 7524(b), because Defendants reside in this District. Defendants waive any objections they may have to jurisdiction and venue regarding this action and agree not to

2

challenge the Court's continuing jurisdiction to enforce or to take any other action to effectuate this Consent Decree.

## II. DEFINITIONS

2.    Terms used in this Consent Decree that are defined in the Act or in regulations promulgated under the Act shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree. Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.    "Act" means the Clean Air Act, as amended, 42 U.S.C. §§ 7401 et seq.

b.    "Consent Decree" or "Decree" means this Consent Decree.

c.    "Day" means a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal Holiday, the period shall run until the close of business of the next working day.

d.    "Defendants" means Aspen Petroleum Products, Inc. and Terrance Tschatschula.

e.    "Effective Date" shall have the definition provided in Section XIII (Effective Date).

f.    "EPA" means the United States Environmental Protection Agency.

g.    "Fuels Regulations" means those regulations promulgated pursuant

3

to Section 211 of the Act, which are now found at 40 C.F.R. Part 80, as may be amended.

        h.     "Interest" means interest at the rate specified for debts owed to departments or agencies of the United States pursuant to 28 U.S.C. § 1961.

        i.     "Paragraph" means a portion of this Consent Decree identified by an Arabic numeral ("subparagraph" by letter).

        j.     "Parties" means the United States and Defendants, and each shall be a "Party".

        k.     "Section" means a portion of this Consent Decree identified by a Roman numeral.

        l.     "United States" means the United States of America, acting on behalf of EPA.

### III. PARTIES BOUND

3.     This Consent Decree applies to and is binding upon the United States and Defendants, and any successors and assigns.

4.     Unless approved by the Parties in writing, any change in Aspen's ownership or corporate status shall in no way alter Aspen's responsibilities under this Consent Decree. In any action by the United States to enforce this Consent Decree, Aspen shall not raise as a defense the failure of any of its officers, directors, employees, contractors, agents, successors or assigns to take any actions necessary to comply with the provisions

4

of this Consent Decree.

5.    The obligations of Defendants under this Consent Decree are joint and several. In the event of insolvency or other failure of one of the Defendants to comply with the requirements of this Consent Decree, the remaining Defendant shall complete all such requirements.

## IV. Civil Penalty

6.    Defendants shall pay to the United States, in two equal installments, a civil penalty in the total amount of twenty-five thousand dollars ($25,000), together with Interest on any amounts not paid within 30 days of the Effective Date. The first payment, in the amount of $12,500, shall be due no later than 30 days after the Effective Date. The second payment, also in the amount of $12,500, shall be due no later than 180 days after the Effective Date. Defendants shall pay Interest accrued from 30 days after the Effective Date through the date of payment on any portion of the civil penalty remitted more than 30 days after the Effective Date.

7.    Defendants shall pay the civil penalty by certified or cashier's check, payable to the "U.S. Department of Justice," referencing the civil action number of this case and DOJ No. 90-5-2-1-09035 and delivered to the Financial Litigation Unit of the U.S. Attorney's Office for the District of Colorado, 1225 Seventeenth Street, Suite 700, Denver, Colorado 80202. At the time of payment, Defendants shall send a copy of the

check together with a transmittal letter, which shall (a) state that the payment is for the

civil penalty owed pursuant to the Consent Decree in United States v. Aspen Petroleum

Products, Inc., et al., (b) reference the civil action number and DOJ case number 90-5-2-

1-09035, and (c) contain a statement showing the calculation of any interest included in

the civil penalty payment, to the United States in accordance with Section XI (Notices);

by email to acctsreceivable.CINWD@epa.gov; and by mail to: EPA Cincinnati Finance

Office, 26 Martin Luther King Drive, Cincinnati, Ohio 45268.

  8.  Payments made pursuant to this Section are civil penalties within the

meaning of the Internal Revenue Code, 26 U.S.C. § 162(f), and are not tax deductible for

purposes of federal law.

V. <span style="font-variant:small-caps">Injunctive Relief</span>

  9.  Defendants shall not engage in any activities that would make them

"refiners" within the meaning of 40 C.F.R. § 80.2(i) without first (a) providing EPA with

written notice of their intent to begin refining operations and (b) submitting to EPA a

comprehensive, written compliance plan setting forth how they intend to comply with (i)

the Fuels Regulations and (ii) the general duty imposed by Section 112(r)(1) of the Act,

42 U.S.C. § 7412(r)(1), to conduct their actions in accordance with appropriate industry

standards.

  10.  The notifications and submissions required by this Section shall be provided

6

to EPA at least 90 days before Defendants engage in any activities that would make them "refiners" within the meaning of 40 C.F.R. § 80.2(i).

## VI. STIPULATED PENALTIES

11.    If Defendants violate or fail to comply timely with any of the requirements in Sections IV or V of this Consent Decree, Defendants shall pay stipulated civil penalties to the United States.

a.    Unless reduced by the United States in its unreviewable discretion, the amount of stipulated civil penalties for any violation or failure to comply with any requirements in Section IV of this Consent Decree (relating to Civil Penalty) shall be as follows:

| Period of Failure To Comply | Penalty Per Violation Per Day |
|---|---|
| 1st through 15th day | $100 |
| 16th through 30th day | $250 |
| 31st day and beyond | $500 |

b.    Unless reduced by the United States in its unreviewable discretion, the amount of stipulated civil penalties for any violation or failure to comply with any requirement in Section V of this Consent Decree (relating to Injunctive Relief) shall be (i) $50,000 for the first day of violation (i.e. the first day a Defendant engages in any activity that would make it a "refiner" within the meaning of 40 C.F.R. § 80.2 without first complying with the requirements of Section V) plus (ii) $5,000 per day thereafter until

7

either (a) the date the Defendant ceases activity that would make it a refiner or (b) 90 days after the Defendant comes into substantive compliance with the requirements of Section V, whichever is earlier.

12.    Stipulated penalties under this Section shall begin to accrue on the day after performance is due or on the day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases.  Separate stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.  Stipulated penalties shall accrue regardless of whether the United States has notified Defendants that a violation of this Consent Decree has occurred.

13.    Defendants shall pay stipulated penalties within 30 days of receiving the United States' written demand unless Defendants invoke Dispute Resolution pursuant to Section VIII, in which case they shall pay stipulated penalties pursuant to Paragraph 14.

14.    Stipulated penalties shall continue to accrue as provided in Paragraph 12, during any Dispute Resolution, but need not be paid until the following:

a.    If the dispute is resolved by agreement or by a decision of EPA that is not appealed to the Court, Defendants shall pay accrued penalties determined to be owing, together with Interest, to the United States within 30 days of the effective date of the agreement or the receipt of EPA's decision or order.

b.    If the dispute is appealed to the Court and the United States prevails

8

in whole or in part, Defendants shall pay all accrued penalties determined by the Court to be owing, together with Interest, within 60 days of receiving the Court's decision or order, except as provided in subparagraph c below.

      c.     If any Party appeals the District Court's decision, Defendants shall pay all accrued penalties determined to be owing, together with Interest, within 15 days of receiving the final appellate court decision.

15.     Defendants shall pay the full amount of any stipulated penalties due in the manner set forth and with the confirmation notices required by Paragraph 7, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

16.     If Defendants fail to pay stipulated penalties according to the terms of this Consent Decree, Defendants shall be liable for Interest on such penalties accruing as of the date payment became due.

17.     Stipulated penalties paid pursuant to this Section are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), and are not tax deductible expenditures for purposes of federal law.

18.     Nothing in this Section shall be construed as prohibiting, altering, or in any way limiting the rights of the United States to seek other remedies or sanctions available by virtue of Defendants' violation(s) of this Consent Decree or of the statutes or

regulations upon which it is based.

## VII. FORCE MAJEURE

19.    "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Defendants, of any entity controlled by Defendants, or of Defendants' contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Defendants' best efforts to fulfill the obligation. The requirement that Defendants exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any resulting delay to the greatest extent possible. "Force majeure" does not include Defendants' financial inability to perform any obligation under the Consent Decree.

20.    If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Defendants shall provide notice orally or by electronic or facsimile transmission to the Director of the Air Enforcement Division, U.S. Environmental Protection Agency, and the EPA attorney advisor assigned to this matter (currently Jeffrey A. Kodish), within 48 hours of when Defendants first knew that the event might cause a delay. Within five days thereafter, Defendants shall provide in writing to EPA an explanation and description of

10

the reasons for the delay; the anticipated duration of the delay; all actions taken or to be

taken to prevent or minimize the delay; a schedule for implementation of any measures to

be taken to prevent or mitigate the delay or the effect of the delay; Defendants' rationale

for attributing such delay to a force majeure event if they intend to assert such a claim;

and a statement as to whether, in the opinion of Defendants, such event may cause or

contribute to an endangerment of public health, welfare or the environment. Defendants

shall include with any notice all available documentation supporting the claim that the

delay was attributable to a force majeure. Failure to comply with the above requirements

shall preclude Defendants from asserting any claim of force majeure for that event for the

period of time of such failure to comply, and for any additional delay caused by such

failure. Defendants shall be deemed to know of any circumstances of which Defendants,

any entity controlled by Defendants, or Defendants' contractors knew or should have

known.

21.    If EPA agrees that the delay or anticipated delay is attributable to a force

majeure event, the time for performance of the obligations under this Consent Decree that

are affected by the force majeure event will be extended by EPA for such time as is

necessary to complete those obligations. An extension of the time for performance of the

obligations affected by the force majeure event shall not, of itself, extend the time for

performance of any other obligation. EPA will notify Defendants in writing of the length

11

of the extension, if any, for performance of the obligations affected by the force majeure event.

22.    If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify Defendants in writing of its decision.

23.    If Defendants elect to invoke the dispute resolution procedures set forth in Section VIII (Dispute Resolution), they shall do so no later than 10 days after receipt of EPA's notice.  In any such proceeding, Defendants shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendants complied with the requirements of Paragraphs 19 and 20 of this Section, above.  If Defendants carry this burden, the delay at issue shall be deemed not to be a violation by Defendants of the affected obligation of this Consent Decree identified to EPA and the Court.

## VIII. DISPUTE RESOLUTION

24.    Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.  Defendants' failure to seek resolution of a dispute under this Section shall preclude Defendants from raising any such

issue as a defense to an action by the United States to enforce any obligation of Defendants arising under this Decree.

25. Informal Dispute Resolution. Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when one Party sends to the other a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute. The period of dispute shall not exceed 20 days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 14 days after the conclusion of the informal negotiation period, Defendants invoke formal dispute resolution procedures as set forth below.

26. Formal Dispute Resolution. Defendants shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the United States a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendants' position and any supporting documentation relied upon by Defendants.

27. The United States shall serve its Statement of Position within 45 days of receipt of Defendants' Statement of Position. The United States' Statement of Position

13

shall include, but need not be limited to, any factual data, analysis, or opinion supporting

that position and any supporting documentation relied upon by the United States. The

United States' Statement of Position shall be binding on Defendants, unless Defendants

file a motion for judicial review of the dispute in accordance with the following

Paragraph.

28.     Defendants may seek judicial review of the dispute by filing with the Court

and serving on the United States, in accordance with Section XI of this Consent Decree

(Notices), a motion requesting judicial resolution of the dispute. The motion must be

filed within 14 days of receipt of the United States' Statement of Position pursuant to the

preceding Paragraph. The motion shall contain a written statement of Defendants'

position on the matter in dispute, including any supporting factual data, analysis, opinion,

or documentation, and shall set forth the relief requested and any schedule within which

the dispute must be resolved for orderly implementation of the Consent Decree.

29.     The United States shall respond to Defendants' motion within the time

period allowed by the Local Rules of this Court. Defendants may file a reply

memorandum, to the extent permitted by the Local Rules.

30.     Standard of Review. Except as otherwise provided in this Consent Decree,

in any dispute brought under Paragraph 26 (Formal Dispute Resolution), Defendants shall

bear the burden of demonstrating that their position complies with this Consent Decree

14

and that it is entitled to relief under applicable principles of law. The United States

reserves the right to argue that its position is reviewable only on the administrative record

and must be upheld unless arbitrary and capricious or otherwise not in accordance with

law. For purposes of this Decree, the administrative record shall include the Statements

of Position exchanged by the Parties pursuant to this Section, as well as any documents

attached to or incorporated by reference in those Statements. Defendants reserve the right

to argue that their position is based on a reasonable interpretation of a statute, regulation,

or permit, or a reasonable interpretation of this Decree and that the United States' position

is not entitled to any deference.

31.    The invocation of dispute resolution procedures under this Section shall not,

by itself, extend, postpone, or affect in any way any obligation of Defendants under this

Consent Decree, unless and until final resolution of the dispute so provides. Stipulated

penalties with respect to the disputed matter shall continue to accrue from the first day of

noncompliance, but payment shall be stayed pending resolution of the dispute as provided

in Paragraph 14. If Defendants do not prevail on the disputed issue, stipulated penalties

shall be assessed and paid as provided in Section VI (Stipulated Penalties).

IX. Effect of Settlement and Reservation of Rights

32.    This Consent Decree resolves the civil claims of the United States for the

15

violations alleged in the Complaint filed in this action through the date of lodging.

33.     The United States reserves all legal and equitable remedies available to

enforce the provisions of this Consent Decree. This Consent Decree shall not be

construed to limit the rights of the United States to obtain penalties or injunctive relief

under the Act or implementing regulations, or under other federal laws, regulations, or

permit conditions, except as expressly specified in Paragraph 32.

34.     In any subsequent administrative or judicial proceeding initiated by the

United States for injunctive relief, civil penalties, or other appropriate relief relating to

Defendants' violations, Defendants shall not assert, and may not maintain, any defense or

claim based upon the principles of waiver, res judicata, collateral estoppel, issue

preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention

that the claims raised by the United States in the subsequent proceeding were or should

have been brought in the instant case, except with respect to claims that have been

specifically resolved pursuant to Paragraph 32.

35.     This Consent Decree is not a permit, or a modification of any permit, under

any federal, State, or local laws or regulations. Defendants are responsible for achieving

and maintaining complete compliance with all applicable federal, State, and local laws,

regulations, and permits; and Defendants' compliance with this Consent Decree shall be

no defense to any action commenced pursuant to any such laws, regulations, or permits,

16

except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendants' compliance with any aspect of this Consent Decree will result in compliance with provisions of the Act, or with any other provisions of federal, State, or local laws, regulations, or permits.

36.     This Consent Decree does not limit or affect the rights of Defendants or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendants, except as otherwise provided by law.

37.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## X. Costs

38.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendants.

## XI. Notices

39.     Unless otherwise provided herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing addressed as follows:

17

As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington DC 20044-7611
Ref: 90-5-2-1-09035

Chief, Civil Division
Office of the United States Attorney
District of Colorado
1225 Seventeenth Street, Suite 700
Denver, CO 80202

Director
Air Enforcement Division (2242A)
U.S. Environmental Protection Agency
401 M. Street, S.W.
Washington, DC 20460
(202) 564-7979

Jeffrey A. Kodish
Attorney Advisor
U.S. Environmental Protection Agency
12345 W. Alameda, Suite 214
Denver, CO 80228
(303) 236-9511 (phone)
(303) 236-9514 (fax)
kodish.jeff@epa.gov (email)


As to Defendants:

Terrance Tschatschula
2121 South Oneida Street, Suite 625
Denver, Colorado 80224

Douglas Benevento
Christopher Neumann
Greenberg Traurig, LLP
The Tabor Center
1200 Seventeenth Street, 24th Floor
Denver, Colorado 80202
beneventod@gtlaw.com
neumannc@gtlaw.com

40.    Any Party may, by written notice to the other Party, change its designated

notice recipient or notice address provided above.

41.    Notices submitted pursuant to this Section shall be deemed submitted upon

mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the

Parties in writing.  Notices submitted by the Defendants to the United States shall also be

sent by email to Jeffrey Kodish (kodish.jeff@epa.gov) at the time the notice is mailed.

## XII. RETENTION OF RECORDS

42.    Until five years after the entry of this Consent Decree, Defendants shall

preserve and retain all records and documents now in their possession or control, or

which come into their possession or control, that relate in any manner to Defendants'

performance of the requirements of this Decree, regardless of any corporate records

retention policy to the contrary.  The records retention requirement imposed under this

Consent Decree does not affect, modify or excuse Defendants from compliance with any

other records retention requirements imposed by federal, state or local laws or

regulations.

19

43.    After the conclusion of the document retention period in Paragraph 42,

Defendants shall notify the United States at least ninety (90) days prior to the destruction

of any such records or documents, and, upon request by the United States, Defendants

shall deliver any such records or documents to the United States.  Defendants may assert

that certain documents, records, or other information are privileged under the attorney-

client privilege or any other privilege recognized by federal law.  If Defendants assert

such a privilege, they shall provide the United States with the following:  1) the title of

the document, record, or information; 2) the date of the document, record, or information;

3) the name and title of the author of the document, record, or information; 4) the name

and title of each addressee and recipient; 5) a description of the subject of the document,

record, or information; and 6) the privilege asserted.  However, no documents, reports, or

other information created or generated pursuant to the requirements of this or any other

Consent Decree with the United States shall be withheld on the grounds that they are

privileged.  If a claim of privilege applies only to a portion of a document, the document

shall be provided to the United States in redacted form to mask the privileged information

only.  Defendants shall retain all records and documents that it claims to be privileged

until the United States has had a reasonable opportunity to dispute the privilege claim

before this Court and any such dispute has been resolved in Defendants' favor.

20

## XIII. EFFECTIVE DATE

44.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XIV. RETENTION OF JURISDICTION

45.     The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree, pursuant to Section VIII (Dispute Resolution), or effectuating or enforcing compliance with the terms of this decree.

## XV. MODIFICATION

46.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

47.     Any disputes concerning modification of this Decree shall be resolved pursuant to Section VIII (Dispute Resolution), provided, however, that, instead of the burden of proof provided in Paragraph 30, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

21

## XVI. TERMINATION

48.    Defendants may, any time after five years from the Effective Date, serve upon the United States, together with all necessary supporting documentation, a Request for Termination of this Consent Decree.  In seeking such consent, Defendants shall demonstrate that they have satisfactorily completed their obligations under this Decree, including payment of the civil penalty under Section IV and any outstanding stipulated penalties under Section VI.

49.    Following receipt by the United States of Defendants' Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether the Defendants have satisfactorily complied with the requirements of this Consent Decree.  If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

50.    If the United States does not agree that the Decree may be terminated, Defendants may invoke Dispute Resolution under Section VIII.  Defendants shall not invoke Dispute Resolution of any dispute regarding termination, however, until at least 120 days after service of its Request for Termination.

## XVII. PUBLIC PARTICIPATION

51.    This Consent Decree shall be lodged with the Court for a period of not less

than 30 days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper or inadequate. Defendants consent to the entry of this Consent Decree without further notice and agree not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendants in writing that it no longer supports entry of the Decree.

## XVIII. SIGNATORIES/SERVICE

52. Each undersigned representative of Defendant and the United States certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

53. This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis. Defendants agree to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. The Parties agree that Defendants need not file an answer to the

23

Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

### XIX. INTEGRATION

54.    This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supercedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

### XX. FINAL JUDGMENT

55.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendants.

JUDGMENT IS HEREBY ENTERED IN ACCORDANCE WITH THIS CONSENT DECREE THIS _17_ DAY OF _January_, 200_8_.

_____
UNITED STATES DISTRICT JUDGE
District of Colorado

24

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Aspen Petroleum Products, Inc., et al.</u> relating to violations of the Fuels Regulations, 40 C.F.R. Part 80.


**FOR THE UNITED STATES OF AMERICA:**


**U.S. DEPARTMENT OF JUSTICE**



BRUCE GELBER
Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division


MARK C. ELMER
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, Colorado 80294
Tel:    (303) 844-1352
Fax:    (303) 844-1350

**UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF COLORADO**


TROY A. EID
United States Attorney

STEPHEN D. TAYLOR
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, CO 80202

**U.S. ENVIRONMENTAL PROTECTION AGENCY**


WALKER B. SMITH
Director, Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency


ADAM M. KUSHNER
Director, Air Enforcement Division
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
401 M Street, S.W.
Washington, D.C. 20460


JEFFREY A. KODISH
Attorney Advisor
Air Enforcement Division
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
12345 W. Alameda, Suite 214
Denver, CO 80228

27

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Aspen Petroleum Products, Inc., *et al.*</u> relating to violations of the Fuels Regulations, 40 C.F.R. Part 80.

**FOR ASPEN PETROLEUM PRODUCTS, INC.:**

TERRANCE TSCHATSCHULA
President, Aspen Petroleum Products, Inc.

Agent Authorized to Accept Service on Behalf of Above-named Parties:

Douglas Benevento and/or Christopher Neumann
Greenberg Traurig, LLP
The Tabor Center
1200 Seventeenth Street, 24th Floor
Denver, CO 80202

28

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Aspen Petroleum Products, Inc., et al.</u> relating to violations of the Fuels Regulations, 40 C.F.R. Part 80.


**FOR TERRANCE TSCHATSCHULA:**


TERRANCE TSCHATSCHULA


Agent Authorized to Accept Service on Behalf of Above-named Parties:


Douglas Benevento and/or Christopher Neumann
Greenberg Traurig, LLP
The Tabor Center
1200 Seventeenth Street, 24th Floor
Denver, CO 80202